IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DAVID HARRIS, | Case No. 3:17-cv-01296-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| UBH OF OREGON, LLC, dba Cedar Hills Hospital, | |
| Defendant. | |

AIKEN, Judge:

Plaintiff David Harris moves to proceed in forma pauperis. Upon examination of plaintiff's affidavit, I find that plaintiff is unable to afford the costs of this action. Accordingly, plaintiff's application to proceed in forma pauperis (doc. 2) is GRANTED. This action may go forward without the payment of fees or costs.

Because plaintiff is proceeding in forma pauperis, I am required to dismiss this action if I determine that it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In federal court, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That pleading

Page 1 – OPINION AND ORDER

standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To state a claim for relief, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, the complaint does not contain enough factual content to support either of plaintiff's claims.

Plaintiff formerly worked as a therapist for defendant UBH of Oregon, LLC ("UBH").[1] He alleges that in August 2015, he was placed on administrative leave after psychiatric patients reported him for misconduct. Plaintiff further asserts that his supervisor, Shanna Branham, knew or should have known that the misconduct allegations were false. Plaintiff avers that two days after he was placed on administrative leave, Branham sent him two text messages telling him he could return to work the following day. When plaintiff returned to work, he was terminated.

Plaintiff alleges that during his administrative leave, Branham publicized defamatory statements regarding plaintiff to UBH management. Plaintiff contends that the statements were intended to harm his trade or profession and that, at the time she made the statements, Branham

---

[1] Plaintiff alleges that this Court has diversity jurisdiction because he is a resident of Oregon and defendant's principal place of business is in Pennsylvania. But for limited liability corporations like defendant, the test for citizenship is not principal place of business. Rather, an LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The complaint does not contain any allegations about defendant's owners' or members' citizenship, and defendant's name raises the possibility that one or more of its members could be Oregon citizens. Pursuant to my independent obligation to ensure this Court does not exceed the scope of its jurisdiction, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011), I *sua sponte* take judicial notice of public records of the Oregon Secretary of State listing Ascend Health Corporation, located in Pennsylvania, as defendant's only member. *See* Fed. R. Evid. 201(b)(2) & (c)(1) (authorizing a federal court to "take judicial notice on its own" of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Smelt v. Cty. of Orange*, 447 F.3d 673, 676 n.4 (9th Cir. 2006) (describing filings with the California Secretary of State as appropriate subjects of judicial notice). It therefore appears the diversity of citizenship test is met here.

Page 2 – OPINION AND ORDER

either knew they were false or made in them in reckless disregard of their truth or falsity. Finally, plaintiff asserts Branham sent him the text messages telling him he could return to work with the intent of causing him severe emotional distress.

Plaintiff's first claim is for intentional infliction of emotional distress. Under Oregon law, to state such a claim, a plaintiff "must plead that (1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct." *McGanty v. Staudenraus*, 901 P.2d 841, 849 (Or. 1995) (citing *Sheets v. Knight*, 779 P.2d 1000, 1010 (Or. 1989)). The Oregon Court of Appeals has explained that a claim for intentional infliction of emotional distress requires "conduct that is outrageous in the extreme. Conduct that is merely rude, boorish, tyrannical, churlish and mean does not satisfy that standard, nor do insults, harsh or intimidating words, or rude behavior ordinarily result in liability even when intended to cause distress." *Watte v. Edgar Maeyens*, 828 P.2d 479, 481 (Or. Ct. App. 1992) (citations and quotation marks omitted).

The complaint meets the first two requirements by adequately alleging intent and causation. However, I cannot infer from the complaint that Branham's conduct was an "extraordinary transgression of the bounds of socially tolerable conduct." *McGanty*, 901 P.2d at 849. Drawing all reasonable inferences in plaintiff's favor, Branham (1) texted plaintiff to tell him to return to work as a ruse so that she could fire him and (2) reported patient allegations of misconduct to supervisors even though she knew those allegations were false. Those facts, even if true, "do not sink to the actionable level" with respect to a claim for intentional infliction of emotional distress. *Watte*, 828 P.2d at 481. Telling an employee that he can return to work when in fact he is going to be fired is, at worst, mean or rude. *Id.* Unless the text messages

contained particularly offensive content or there are other exacerbating factors, sending the messages was not the sort of "extraordinary transgression" the Oregon courts recognize as actionable. With respect to the reports to management, in a typical healthcare workplace, a supervisor likely has an *obligation* to report patient complaints regarding employee misconduct to her superiors—even if she knows the complaints are unfounded. Without exacerbating factors, Branham's report of the misconduct complaints therefore cannot support a claim for intentional infliction of emotional distress.

Plaintiff's second claim is for defamation. To state such a claim, the complaint "must state facts sufficient to establish that the defendant published to a third person a defamatory statement about plaintiff." *Marleau v. Truck Ins. Exch.*, 37 P.3d 148, 155 (Or. 2001). "A defamatory statement is one that would subject another to hatred, contempt or ridicule or tend to diminish the esteem, respect, goodwill or confidence in which the other is held or to excite adverse, derogatory or unpleasant feelings or opinions against the other." *Id.* (quotation marks omitted and alterations normalized). In Oregon, unlike in many other jurisdictions, "a defamatory communication from one corporate employee to another corporate employee concerning the job performance of a third employee is 'published' for the purpose of defamation claim." *Wallulis v. Dymowski*, 918 P.2d 755, 760 (Or. 1996).

The complaint does not currently state a claim for defamation because it sets out legal conclusions rather than specific facts. The complaint does not describe the content of the statements Branham made to senior administrative personnel; it simply asserts that the statements were false and intended to harm plaintiff in his trade or profession. In order to proceed on his defamation claim, plaintiff must provide factual content sufficient to support the

inference that the statements Branham made to management meet the standard from *Wallulis* set out above.

Although the complaint does not state a claim for relief, I cannot find that further amendment would be futile. Therefore, given plaintiff's *pro se* status, I will afford plaintiff the opportunity to amend his complaint.

**Plaintiff is HEREBY ORDERED to file an amended complaint within thirty days from the date of this order.** The amended complaint shall briefly and plainly state the facts supporting plaintiff's claims of intentional infliction of emotional distress and defamation. Plaintiff is advised that failure to file an amended complaint as ordered **will result in the dismissal of this proceeding.**

IT IS SO ORDERED.

Dated this 21st day of September 2017.

Ann Aiken
United States District Judge