IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID HARRIS,

      Plaintiff,

vs.

UBH OF OREGON, LLC, dba Cedar Hills
Hospital,

      Defendant.

Case No. 3:17-cv-01296-AA
**OPINION AND ORDER**

---

AIKEN, Judge:

Plaintiff David Harris, proceeding *pro se* and *in forma pauperis*, filed the amended complaint in this diversity action on October 20, 2017. Plaintiff asserted claims of intentional infliction of emotional distress ("IIED") and defamation against his former employer, defendant UBH of Oregon, LLC. I dismissed his IIED claim with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but permitted his defamation claim to proceed. The clerk's office mailed a copy of that ruling to plaintiff, but it was returned as undeliverable, stamped "insufficient address." *See* Doc. 12.

On April 3, 2018, I issued an Order to Show Cause directing plaintiff to state in writing why this case should not be dismissed for failure to serve defendant within the time limit provided in Federal Rule of Civil Procedure 4(m). Plaintiff filed a written response to that order stating that he never received a copy of the ruling permitting his amended complaint to proceed. That same day, plaintiff began the process for serving defendant. He also filed a motion for appointment of *pro bono* counsel.

Having reviewed plaintiff's response to the Order to Show Cause, I decline to dismiss this action at this time. I note, however, that plaintiff's mailing address does not appear to have changed since mail sent to that address was returned as undeliverable. Plaintiff is advised to look into any issues with mail delivery so that he will be certain to receive court mailings in the future.

I turn next to plaintiff's motion for appointment of *pro bono* counsel. Appointment of counsel in civil cases is rare.

> Generally, a person has no right to counsel in civil actions. However, a court may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petition to articulate his claims *pro se* in light of the complexity of the legal issues involved.

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations and internal quotation marks omitted). Here, there are no exceptional circumstances justifying the appointment of *pro bono* counsel. It is difficult to evaluate plaintiff's chance of success on his claim at this stage of the proceeding, when defendant has not filed an answer and there has been no discovery. However, even if plaintiff's likelihood of success is high, his single claim for defamation is not legally complex. Rather, its resolution will hinge primarily on questions of fact like whether defendant's policy required clocking in at the start of a shift. The absence of legal complexity

weighs against appointment of counsel. In addition, plaintiff was able to amend his complaint to cure deficiencies, suggesting that he has the ability to articulate his claims *pro se*. Plaintiff's motion for appointment of *pro bono* counsel (doc. 16) is denied.

IT IS SO ORDERED.

Dated this 30 day of May 2018.

_____
Ann Aiken
United States District Judge