IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DAVID B. HARRIS, | Case No. 3:17-cv-01296-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| UBH OF OREGON, LLC, dba Cedar Hills Hospital, | |
| Defendant. | |

AIKEN, District Judge:

Plaintiff David Harris, proceeding *pro se* and *in forma pauperis*, filed this diversity action against his former employer, defendant UBH of Oregon, LLC ("UBH"), asserting claims of intentional infliction of emotional distress ("IIED") and defamation. I dismissed his IIED claim with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but permitted his defamation claim to proceed. Now, UBH has filed a Motion to Dismiss (doc. 19), arguing that the statute of limitations has run on plaintiff's defamation claim. Plaintiff has not responded to the motion, leaving the motion unopposed.

## BACKGROUND

Plaintiff formerly worked as a therapist for UBH. He alleges that on August 18, 2015, his clinical supervisor, Shanna Branham, placed him on administrative leave after a patient accused him of misconduct. On August 20, 2015, Branham asked plaintiff to return to work the next day. When plaintiff returned to work on August 21, 2015, Branham fired him and explained that "while 'investigating' [the patient's] complaint, **we** . . . looked at other things" including that plaintiff "**was late to work too often**." Am. Compl. ¶ 20 (boldface in original).

Plaintiff filed his initial Complaint (doc. 1) on August 21, 2017 and filed his Amended Complaint (doc. 10) on October 20, 2017. Plaintiff served UBH on October 11, 2018.

## STANDARDS

A statute of limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). A motion to dismiss can be granted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim." *Id.* Under Federal Rule of Civil Procedure 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, the plaintiff must assert factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

Oregon has a one-year statute of limitation for defamation. Or. Rev. Stat. § 12.120(2). Generally, the limitation period begins to run on the day that the allegedly defamatory statement is made public. *Bock v. Collier*, 175 Or. 145, 148 (1944). However, the discovery rule applies to defamation claims when defamatory statements are made in confidence and not something that

plaintiff would be presumed to have known about, even exercising reasonable diligence. *White v. Gurnsey*, 48 Or. App. 931, 936 (1980). Under the discovery rule, the statute of limitations does not begin to run until "the plaintiff learns, or with reasonable diligence should have learned, that she has a cause of action." *Id.* at 935.

Plaintiff's defamation claim is based on plaintiff's allegation that Branham told "the CEO of CHH as well as other senior administrative personnel and . . . human resources" that plaintiff was late to work too often. Amend. Compl. ¶¶ 13, 19. Plaintiff alleges that Branham made that statement between August 18, 2015 and August 21, 2015. *Id.* Plaintiff became aware of the statement when Branham told him, that "**we** . . . looked at other things" like his tardiness when deciding to terminate plaintiff. *Id.* at ¶ 20 (boldface in original). At the latest, the statute of limitations for plaintiff's defamation claim began to run that day—on August 21, 2015. Plaintiff filed this lawsuit on August 21, 2017, two years after plaintiff learned about the statements and approximately one year after the statute of limitations had expired. Thus, it is apparent from the face of the Amended Complaint that plaintiff's defamation claim is barred by the statute of limitations.

## CONCLUSION

For the reasons stated above, UBH's Motion to Dismiss (doc. 19) is GRANTED and plaintiff's defamation claim is DISMISSED with prejudice. As it is the only remaining claim in this case, final judgement shall be entered.

IT IS SO ORDERED.

Dated this 28 day of January 2019.

Ann Aiken
United States District Judge